# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
July 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LINCARE HOLDINGS, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 11-1547**  (BOR Appeal No. 2010123376)
                              (Claim No. 2045838)

**SANCHA ADKINS,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Lincare Holdings, Inc., by Matthew L. Williams, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated October 13, 2011, in which the Board affirmed a March 31, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's February 17, 2010, decision rejecting the claim as not compensable. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Sancha Adkins was a respiratory therapist for Lincare Holdings, Inc. Her job duties included travelling to patient's homes and setting up respiratory care equipment. In the early afternoon of February 9, 2010, Ms. Adkins was driving to a patient's home when she was injured. Earlier in the day she had been at a personal doctor's appointment. While still at her appointment she received a phone call from her employer asking her to obtain information about a patient from the doctor's office. After leaving the doctor's office, Ms. Adkins drove in the direction of a patient's home with whom she had a midafternoon appointment. Ms. Adkins's route took her past her home where she stopped to use the restroom. As she was walking from

1

her residence back to her car she stepped into a drift of slush, slipped, and fell on her right arm, fracturing her humerus. The claims administrator denied Ms. Adkins's application for benefits on February 17, 2010. But the Office of Judges reversed the claims administrator's decision on March 31, 2011, and the Board of Review affirmed the Office of Judges' Order on October 13, 2011, leading Lincare Holdings to appeal this case.

The Office of Judges concluded that Ms. Adkins suffered a compensable injury on February 9, 2010. The Office of Judges found that the injury was received in the course of and as a result of Ms. Adkins's employment and reversed the claims administrator's decision. Lincare Holdings argued that Ms. Adkins was not injured in the course of her employment because the injury occurred in front of her own home and at the time Ms. Adkins was not engaged in the furtherance of the business of Lincare Holdings. The Office of Judges found this argument unpersuasive. It found that Ms. Adkins's job required her to be away from the premises of Lincare Holdings. It also determined that, when she stopped at her house to use the restroom, it was not a major deviation from her route in terms of time or geographic area. The Office of Judges found that she had not abandoned any business purpose at the time of her injury because she intended to go directly to the patient's house following her restroom stop. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the reasoning of the Office of Judges. Ms. Adkins received her injury in the course of and as a result of her employment. Her job required her to work away from the premises of Lincare Holdings, in order set up respiratory care equipment in patients' homes, and she received her injury in the course of performing this job duty. The stop at her personal residence to use the restroom was not a major deviation in terms of time or geographic area from her business purpose. The Office of Judges was correct to hold her claim compensable and the Board of Review committed no reversible error in affirming that holding.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 24, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II